UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MUHAMMAD CHAUDHRY,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>       Defendant. | No. CV-09-3089-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 22, 2010 (Ct. Rec. 15, 18). Attorney Cory Brandt represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 5). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 15).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) on August 31, 2007, alleging disability beginning February 26, 2005 (Tr. 63, 93-95). The applications were denied

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                                          - 1 -

initially and on reconsideration (Tr. 65-67,69-70).

At a hearing before Administrative Law Judge (ALJ) R. S. Chester on December 2, 2008, plaintiff, represented by counsel, and vocational expert Sharon Welter testified (Tr. 27-62). On December 30, 2008, the ALJ issued an unfavorable decision (Tr. 11-23). The Appeals Council denied Mr. Chaudhry's request for review on July 16, 2009 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on September 14, 2009 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized when relevant.

Plaintiff was 32 years old at onset and 35 at the hearing (Tr. 22, 31). He completed twelve years of schooling. Mr. Chaudhry told treatment provider Juliana Ellis-Billingsley, M.D., he earned a bachelor's degree in math and physics in three years in Pakistan (Tr. 51, 217). At other times Plaintiff stated he completed two years of college (Tr. 123, 491).

After earning his bachelor's degree, Mr. Chaudhry studied computer engineering in Sydney, Australia, for six months. He then worked as an onsite [computer] support technician, also in Sydney (Tr. 217). Plaintiff did not report this work to the SSA. After six months, Mr. Chaudhry quit his technical support job. He told Dr. Ellis-Billingsley he then began his own real estate investment business, and a mortgage brokerage business. Plaintiff

said he spent seven years in Australia doing "extremely well financially" (Tr. 218). When questioned by the ALJ, Mr. Chaudhry testified he had not worked in real estate or investing (Tr. 52).

Plaintiff told treating Army doctors he hurt his back in January or February 2004 while a member of the National Guard training for deployment to Iraq (Tr. 217, 294, 303, 315, 516). He alleges his back pain began after he fell on his sacrum carrying a heavy rucksack during training (Tr. 217).

In June 2004 Mr. Chaudhry told care providers in civilian (nonmilitary) life he works as a Labor and Industries consultant for Washington state (Tr. 217). In the military he worked as a mental health specialist (Tr. 298).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education

and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);

*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

The ALJ found plaintiff is insured through December 31, 2010, for DIB purposes (Tr. 11). At step one he found Mr. Chaudhry has

not engaged in substantial gainful activity since onset (Tr. 13). At steps two and three, ALJ Chester found plaintiff suffers from chronic pain syndrome, degenerative disc disease (DDD), headaches, and narcolepsy, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 13, 16). The ALJ found plaintiff's depressive disorder nonsevere (Tr. 14). He found plaintiff less than completely credible (Tr. 18-20). At step four, he found plaintiff's RFC for a wide range of light work enables him to perform his past jobs as a fast food worker, sales clerk, cashier, waiter, and cleaner/janitor (Tr. 21). Alternatively, the ALJ found at step five, with a sit/stand option, plaintiff can perform other jobs (Tr. 22). Accordingly, he found plaintiff is not disabled as defined by the Social Security Act (Tr. 23).

**ISSUES**

Plaintiff contends the ALJ erred as a matter of law when he (1) failed to properly credit the opinions of examining physician Marie Ho, M.D., examining psychologist Jennifer Schultz, Ph.D., and the VA's disability determination; (2) found him not credible; (3) determined his RFC, and (4) failed to identify the demands of his past relevant work (Ct. Rec. 16 at 5). Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 19 at 1-2).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7 -

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*Physical limitations*

On May 10, 2008, more than three years after onset, Dr. Ho examined plaintiff for complaints of debilitating back pain, migraines, narcolepsy, boils, and depression (Tr. 483). Plaintiff presented in a wheelchair and, alleging he was having a migraine headache, wearing dark glasses. Dr. Ho opined plaintiff appeared at times to exert less than adequate effort, but acknowledged it may have been due to pain and inhibition (Tr. 486 and 488). She assessed an RFC for less than sedentary work (Tr. 488-489)(lifting and carrying limited to less than ten pounds). The ALJ observes

> Still, Dr. Ho found no evidence of paravertebral muscle spasm or tenderness to feather touch in the cervical or lumbar spine, no evidence of joint deformities, crepitus, or effusion, no evidence of trigger points, and Waddell's signs were negative (Exhibit 7F/8). Dr. Ho assessed the claimant at an RFC of sedentary or less, but it is noted that this assessment is based in part on the claimant's statements that he could not walk or stand; no objective evidence supports those statements. Dr. Ho also believed that the claimant's wheelchair and single-point cane were prescribed (Ex. 7F/8). From the above evidence, it appears that the claimant has not made any attempt to increase his functionality, instead relying solely on medication for pain. None of his treating sources have stated that he requires

> his wheelchair or that his condition is disabling[1]. . .
> The medical and psychological evaluators of the
> claimant's RFC both state that the claimant does not
> appear credible, specifically given the lack of atrophy
> in his legs after three years of using his wheelchair
> (Ex. 9F/13, 10F/8).

(Tr. 19).

When he considered Dr. Ho's contradicted opinion, the ALJ weighed the opinions of plaintiff's treatment providers, appropriately giving them greater weight than Dr. Ho is entitled to as an examining doctor. *See e.g., Lester v. Chater*, 81 F.3d at 830 (9th Cir. 1995). Plaintiff's treatment providers point out no objective findings support Mr. Chaudhry's subjective radicular symptoms (Tr. 337). At one exam plaintiff complained of current back pain (at a level of 7-8 out of ten in intensity), yet the treatment provider notes plaintiff was able to rise off the exam table "with ease" (Tr. 302). The ALJ observes a chiropractor declined to treat plaintiff given Mr. Chaudhry's reactions during the first visit. His reactions are described as extraordinary high pain complaints "coupled with extraordinarily low ranges of motion, given the lack of objective evidence for such complaints" (Tr. 18, 263, Ex. 1F/50, 1F/56). When plaintiff began using a non-prescribed cane for ambulation in November 2004, the ALJ notes no medical source recommended he use any assistive device. Moreover,

---

[1] The only exception, as the ALJ notes, is treating Army doctor Marcus Ponce De Leon, M.D., who opined in December 2005 plaintiff was unable to complete the duties required of a service member (Tr. 19; Ex. 3F/51), apparently due to headaches and narcolepsy, citing "frequent severe headaches" and "unable to drive or perform duties requiring a high degree of vigilance or prolonged wakefulness" (Tr. 388). An examiner opined in July 2004 plaintiff should be further evaluated for narcolepsy (Tr. 221) but no further testing appears in the record.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 10 -

treating doctors Sheryl Atoigue, M.D., and Vancil McNulty, M.D., opined, from an objective stand point, the cane was unnecessary. Mr. Chaudhry's physical therapist *advised against using it* (italics added). Dr. McNulty recommended low-intensity exercise instead. As the ALJ notes, plaintiff failed to heed any of these treatment recommendations (Tr. 18). Similarly, while treatment providers told plaintiff repeatedly that his headaches likely resulted from medication rebound, he refused to comply with treatment recommendations other than taking medication (Tr. 222, 238, 458).

To further aid in weighing the conflicting opinions, the ALJ evaluated plaintiff and found him less than fully credible (Tr. 18-20). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Commissioner asserts affirmative evidence of malingering excused the ALJ from providing clear and convincing reasons for his credibility assessment (Ct. Rec. 19 at 6-8). The Court need not decide if the Commissioner is correct because the ALJ's credibility assessment is in fact supported by clear and convincing reasons.

The ALJ considered: (1) inconsistent statements; (2) failure to comply with medical treatment, and (3) objective evidence does not support the level of limitation alleged.

*Inconsistent statements.* The ALJ observes Mr. Chaudhry testified he last walked without a cane in 2003. He told treating professionals he injured his back in January or February 2004 (Tr. 35). Prior to deployment to Iraq in December 2004, Mr. Chaudhry denied any issues with migraines or pain. The next day he was seen only for skin complaints (Tr. 352-353). Mr. Chaudhry testified, however, his wheelchair was prescribed by a doctor at Madigan Army Medical Center[2] in 2004 (Tr. 36), indicating "pain issues." Plaintiff claims he is wheelchair-bound due to a "broken back" (Tr. 117); he injured his back carrying a heavy rucksack during training at Fort Lewis (Tr. 217), and he "fell onto rough terrain while carrying additional weight and attempting to render

---

[2]There is no record of a wheelchair prescribed for plaintiff. His first use of a cane was non-prescribed. The Commissioner accurately notes a second cane was prescribed in October 2005 without examination (Tr. 381).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 12 -

assistance to [an] injured colleague" (Tr. 457). Plaintiff has and has not worked in real estate and investing.

*Noncompliance with treatment*. Plaintiff failed to comply with the home exercise program prescribed for knee and back complaints (Tr. 313, 343) and failed to follow through with neurology's plan of care with respect to his headaches (Tr. 342). Significantly, Mr. Chaudhry continued using a cane even after treating professionals repeatedly advised him to stop (Tr. 338-341, 343). On numerous occasions he declined mental health services despite complaints of disabling depression (Tr. 269, 417, 432, 532).

*Objective evidence*. With respect to complaints of disabling back pain and resulting inability to walk without using a cane or wheelchair, tests in December 2005 and May 2008 showed no lumbar abnormality (Tr. 276, 481), although pre-onset (March 2004) it is noted plaintiff "needs conditioning badly" (Tr. 293). Prior to onset, treatment providers note there is no evidence to support reported radicular symptoms (Tr. 337). Plaintiff failed to follow through with additional narcolepsy testing recommended by the first examiner (Tr. 221). Mr. Chaudhry reported a month before onset that his new narcolepsy medication was working (Tr. 361). In 2008, Dr. Ho points out there is no evidence of atrophy (Tr. 488) despite allegedly spending years in a wheelchair.

In addition, plaintiff's activities during the relevant periods of February 2005 through December 31, 2010 (DIB), and February 2005 through December 30, 2008 (SSI), are inconsistent with the severity of limitation alleged. According to plaintiff's spouse, Mr. Chaudhry flew to Pakistan without her for a family wedding and was gone for about four months, from December 3, 2007

until April 2008 (Tr. 143). Plaintiff told Dr. Ho his hobbies include using computers and "green" energy (Tr. 484).

The ALJ correctly relied on several factors, including complaints inconsistent with objective medical evidence, failure to comply with treatment, and inconsistent statements, when he found Mr. Chaudhry less than completely credible (Tr. 18-20).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989). The lack of objective medical evidence may be considered, as long as it is not the sole factor relied on to assess credibility. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005).

The ALJ properly discounted Dr. Ho's contradicted RFC to the extent her opinion was based on plaintiff's unreliable self-report that he was unable to walk or stand without assistance. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(an ALJ is not required to credit opinions based on plaintiff's unreliable self reporting). The ALJ properly weighed the evidence of Mr. Chaudhry's physical impairments as well as his credibility.

*Psychological impairments*

Mr. Chaudhry alleges the ALJ should have found his depression

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                         - 14 -

and somatoform disorder, diagnosed by Dr. Schultz, severe at step two (Ct. Rec. 16 at 7-8). ALJ Chester found depression is a medically determinable condition but causes no more than mild limitations in plaintiff's ability to do work-related activities (Tr. 14).

Dr. Schultz evaluated plaintiff May 19, 2008 (Tr. 490-493), more than three years after onset. Plaintiff could not remember if he ever had mental health treatment (Tr. 490). Dr. Schultz assessed a GAF of 55 indicating moderate symptoms or moderate functional difficulty (Tr. 492).

Five months later, in October 2008, treating Dr. Flynn again encouraged plaintiff to see a psychologist (Tr. 532).

The ALJ considered the opinion of agency psychologist Patricia Kraft, Ph.D., who notes "many inconsistencies in the record" (Tr. 507): Plaintiff failed to report to SSA his past work for Labor and Industries and his own businesses (Tr. 45-46, 103). He alleges he has been wheelchair-bound for three years yet no leg muscle atrophy is found on examination (Tr. 488). He uses a cane against medical advice (Tr. 338-341), alleges disabling pain but does not attend pain clinic appointments, and fails to comply with treatment [i.e., fails to perform prescribed home exercises], and disability seeking behaviors are continually noted in the medical record. Despite subjective complaints, mental status exams are normal and plaintiff has continually declined therapy, both before and after onset (Tr. 232, 313, 417, 432, 447, 490, 507, 532).

Although it was before onset, on June 21, 2004, treating doctor Juliana Ellis-Billingsley, M.D., diagnosed plaintiff with

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 15 -

depressive disorder NOS. She assessed a current GAF of 70 and estimated his highest GAF in the past year was 75, both indicative of no more than slight or transient symptoms or functional difficulties. Dr. Ellis-Billingsley opined this diagnosis resulted in no impairment and prescribed a sleep aid (Tr. 218-219).

As he did when weighing the conflicting opinions of Mr. Chaudhry's physical limitations, the ALJ also considered plaintiff's lack of credibility when he considered psychological functioning (Tr. 18-20).

Two months before onset, in December 2004, Mr. Chaudhry denied he had depression (Tr. 346). As noted, he continually [and without any explanation] refused mental health treatment. An "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

The court finds no error in the weight the ALJ gave the evidence of psychological impairment.

**B. VA disability opinion and RFC**

The ALJ's assessed RFC for a range of light work is fully supported by the record and without error, as noted above.

When the ALJ considered the VA disability determination, he points out the VA did not address whether plaintiff could adapt to other vocations [as the ALJ did in his alternative step five finding]. The ALJ also notes the VA did not find plaintiff is 100% disabled in any individual area, nor did they [apparently] find plaintiff's impairments result in 100% disability when considered cumulatively (Tr. 21). An ALJ may give less than great weight to the VA's disability ratings if the ALJ gives specific, persuasive and valid reasons supported by the record. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(per curiam). While the ALJ's opinion could be clearer, his reasons meet this standard. ALJ Chester, immediately after discussing the VA's determination, notes he "also placed significant weight" on the opinions of agency professionals Drs. Kraft and Staley (Tr. 21), longitudinal evidence the VA did not have and which undermines the VA's evidence. *See Valentine v. Commissioner of Soc. Sec. Admin.*, 574 F.3d 685, 695 9th Cir. 2009)(ALJ justified in rejecting VA's disability rating on basis she had evidence the VA did not, which undermined the evidence the VA did have).

**C. Step four**

Plaintiff contends the ALJ erred when he failed to identify the demands of Mr. Chaudhry's past relevant work, particularly given his "mental/emotional impairments" (Ct. Rec. 20 at 7-8).

At step four, plaintiff bears the burden of showing he is unable to perform any past relevant work, *Meanel v. Apfel*, 172

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                     - 17 -

F.3d 1111,1113 (9th Cir. 1999). The ALJ properly found plaintiff's depression causes no more than mild limitations. Accordingly, the ALJ was not required to include mental limitations in the RFC.

Plaintiff alleges the ALJ failed to identify the demands of plaintiff's past relevant work (PRW). The argument fails because the ALJ properly relied on the VE's testimony about how plaintiff's PRW is generally performed, as outlined in the DOT (Tr. 52-57). As described in the DOT, plaintiff's RFC for a range of light work is consistent with the requirements of the jobs of cashier, waiter and cleaner/janitor (Tr. 52-56). The ALJ was not required to do more.

The ALJ found Mr. Chaudhry can perform several of his past jobs, including cashier, waiter and janitor (Tr. 21). The record fully supports the ALJ's step four determination. Alternatively, the ALJ's step five analysis is also without error.

The Court finds the ALJ's assessment of the evidence is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter

1  judgment in favor of Defendant, and **CLOSE** this file.
2       DATED this 1st day of December, 2010.

                                    s/ James P. Hutton
                                    JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE